UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| CARLOS ROMERO BURNETT, | Case No. 18-cv-03243-JD |
|---|---|
| Petitioner, | |
| v. | **ORDER RE MOTION TO ALTER OR AMEND JUDGMENT** |
| DEBBIE ASUNCION, | Re: Dkt. No. 21 |
| Respondent. | |

On August 27, 2019, the Court granted petitioner Burnett's habeas petition under 28 U.S.C. § 2254 because the California courts had wrongly denied his right to self-representation as established by *Faretta v. California*, 422 U.S. 806 (1975). Dkt. No. 19. The Court entered judgment in Burnett's favor the same day. Dkt. No. 20. On September 24, 2019, respondent filed a motion to amend the judgment under Federal Rule of Civil Procedure 59(e), which in effect asks the Court to reconsider its ruling on the merits. Dkt. No. 21. The motion is denied.

A Rule 59(e) motion is an "'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)); *see also Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (Rule 59(e) is a "high hurdle"). Such a motion "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (internal citation omitted); *see also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (same). As these high standards convey, Rule 59(e) is not a vehicle to re-hash an issue the Court has already decided. It "may not be used to relitigate old matters, or to raise arguments

or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal citation omitted).

Respondent seeks reconsideration under Rule 59(e) mainly on a claim of clear error, so that element bears additional attention. Clear error requires a showing of more than a simple disagreement with the Court's answer to a debatable question. *McDowell*, 197 F.3d at 1255-56 and n.4. To win reconsideration on this ground, respondent must demonstrate that the Court committed a manifest error of law or fact sufficiently egregious to warrant extraordinary relief under Rule 59(e). *See id*.

Resolution of a Rule 59(e) motion is entrusted to the sound discretion of the Court. *Id.* at 1256; *Turner v. Burlington N. Santa Fe R.R.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

These well-established standards make quick work of respondent's motion. That is because the motion does nothing more than repeat the same arguments, same case citations and same factual allegations that the Court considered before granting the habeas petition. Respondent does not point to any new cases, changes in the law, or new facts, and its recycled arguments are no more compelling the second time around. The motion does not present a good reason for relief under Rule 59(e). *See Maraziti v. Thorpe,* 52 F.3d 252, 255 (9th Cir. 1995).

**IT IS SO ORDERED.**

Dated: November 8, 2019

JAMES DONATO
United States District Judge